**IJH LAW**
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E. ijhiraldo@ijhlaw.com
T. 657.200.1403

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON BLANK, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HUMANS, INC., <br><br> Defendant. | No. 5:25-cv-00047 <br><br> **CLASS ACTION COMPLAINT** <br><br> **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Allison Blank brings this class action against Defendant Humans, Inc., d/b/a Flip, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## <u>NATURE OF THE ACTION</u>

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA").

2.      To solicit consumers, Defendant engages in mass text messaging to consumers who have listed their number on the National Do Not Call Registry ("NDNCR") and transmits solicitation text messages at unlawful times.

3.      Plaintiff seeks statutory damages on behalf of Plaintiff and members of the

1  Class, and any other available legal or equitable remedies.

2  **JURISDICTION AND VENUE**

3  4.    This Court has federal question subject matter jurisdiction over this action

4  pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. §§ 227, *et*

5  *seq*.

6  5.    The Court has personal jurisdiction over Defendant and venue is proper in

7  this District because Defendant directs, markets, and provides its business activities to

8  this District, and because Defendant's unauthorized marketing scheme was directed by

9  Defendant to consumers from this District.

10  **PARTIES**

11  6.    Plaintiff is a natural person who, at all times relevant to this action, was

12  a resident of San Bernardino County, California.

13  7.    Plaintiff is now, and was at all relevant times, an individual and a called

14  party under the TCPA in that Plaintiff was the regular user of cellular telephone number

15  that received Defendant's unwanted messages.

16  8.    Defendant is a Delaware corporation whose principal office is located

17  in El Segundo, California. Defendant directs, markets, and provides its business

18  activities throughout the United States, including throughout the state of California.

19  **FACTS**

20  9.    Defendant operates an e-commerce application that focuses on a social

21  shopping experience.

22  10.    Defendant also engages in text message marketing to consumers' cell

23  phones that are listed on the NDNCR and transmits solicitation text messages at unlawful

24  times.

25  11.    Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking

26  proceeding concerning the need to protect residential telephone subscribers' privacy

27  rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. §

28  227(c)(1).

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers before 8 am and after 9 pm and similarly provides a private right of action against any entity that makes those telephone solicitations, or "on whose behalf" such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1).

13.     Starting in or about August 2, 2024, Defendant made telephone solicitations to Plaintiff's cellular telephone number ending in 0648 (the "0648 Number") as depicted below:

 

14.     As depicted above, the telephone solicitations were initiated on August 2, 2024 at 9:02 PM and August 14, 2024 at 9:02 PM in Plaintiff's time zone.

15.     Overall, Defendant caused two (2) marketing text messages to be transmitted to Plaintiff's cellular telephone number before 8 am and after 9 pm.

16.     As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

17.     As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

18.     Plaintiff is the regular user of the 0648 Number that received the above text messages.

19.     Plaintiff utilizes the cellular telephone number that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

20.     Plaintiff never signed any type of authorization permitting or allowing Defendant to send them telephone solicitations before 8 am or after 9 pm.

21.     Plaintiff registered the 0648 Number on the National Do Not Call Registry on or about March 23, 2024.

22.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

23.     Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

**PROPOSED CLASSES**

24.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

25.     Plaintiff brings this case on behalf of the Classes defined as follows:

**DNC CLASS**: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one text

message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services; (4) to said person's residential cellular telephone number.

**UNLAWFUL TIME CLASS:** All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf; (2) placed more than one marketing text message within any 12-month period; (3) where such marketing text messages were initiated before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

26.    Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

27.    Defendant and its employees or agents are excluded from the Classes.

**NUMEROSITY**

28.    Upon information and belief, Defendant has placed violative text messages to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable

29.    Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

30.    There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.

31.    Among the questions of law and fact common to the members of the Class are:

a.    Whether Defendant sent text messages to Plaintiff and the Class members;

b.    Whether the purpose of Defendant's text messages was to market its goods and services;

c.    Whether Defendant sends text messages in violation of the NDNCR;

d.    Whether Defendant initiated solicitation text messages to Plaintiff and the Class members before 8 a.m. or after 9 p.m.; and

e.    Whether Defendant is liable for damages, and the amount of such damages.

32.    The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant places solicitation calls at unlawful times and to telephone numbers listed on the NDNCR are accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

33.    Plaintiff's claims are typical of the claims of the Class Members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

34.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes, and Plaintiff has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

35.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful

conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of 47 U.S.C. § 227(c) and 64.1200(c)
### (On Behalf of Plaintiff and the DNC Class)

37.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

40.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to

1   avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

2       41.    Plaintiff and the Class Members revoked any consent they may have

3   previously provided Defendant by replying with a "stop" or similar opt-out instruction in

4   response to Defendant's text messages.

5       42.    Plaintiff and the Class Members terminated any business relationship they

6   may have previously had with Defendant by replying with a "stop" or similar opt-out

7   instruction in response to Defendant's text messages. *See* 47 C.F.R. § 64.1200(f)(5)(i).

8   (A consumer's "seller-specific do-not-call request * * * terminates an established

9   business relationship for purposes of telemarketing and telephone solicitation even if the

10   subscriber continues to do business with the seller.")

11       43.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone

12   solicitations to telephone subscribers such as Plaintiff and the DNC Class members who

13   registered their respective telephone numbers on the National Do Not Call Registry, a

14   listing of persons who do not wish to receive telephone solicitations that is maintained by

15   the federal government.

16       44.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class

17   members received more than one text message in a 12-month period from Defendant in

18   violation of 47 C.F.R. § 64.1200.

19       45.    As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC

20   Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are

21   entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the

22   extent Defendant's misconduct is determined to be willful and knowing, the Court

23   should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages

24   recoverable by the members of the DNC Class.

25   **COUNT II**

26   **Violations of 47 U.S.C. § 227(c) and 64.1200(c)**

27   **(On Behalf of Plaintiff and the Unlawful Time Class)**

28

46.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

47.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

48.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

49.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Unlawful Time Class members before the hour of 8 a.m. or after the hour of 9 p.m.

51.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and Unlawful Time Class members received more than one violative telephone solicitation in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

52.    Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Unlawful Time Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

53.    As a result of Defendant's knowing or willful conduct, Plaintiff and the Unlawful Time Class members are entitled to an award of $1,500.00 in statutory damages per violation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the

following relief:

    a)    An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

    b)    An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

    c)    An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d)    An injunction requiring Defendant to cease all text messages made in violation of the TCPA, and to otherwise protect the interests of the Classes;

    e)    An injunction requiring Defendant to comply with 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c);

    f)    An award of attorney's fees, costs, and interest, as allowed by applicable law; and

    g)    Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

1 | Dated: January 8, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


**IJH LAW**

By: */s/ Ignacio Hiraldo*
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*